[Civ. No. 6211. Third Appellate District.—February 16, 1940.]

EDITH PEASE, Respondent, v. ERNEST L. GIBSON, as Administrator, etc., Appellant.

Rich, Weis & Carlin and Richard E. Fuidge for Appellant.

Hewitt & McBride for Respondent.

PULLEN, P. J.—This is an appeal from a judgment rendered against the administrator of the estate of Rachel C. Gibson, deceased.

The action was one to quiet title, and the court found plaintiff to be the owner of the property in question, and made the further finding that defendant had no interest therein.

Appellant, who is the son of Rachel C. Gibson, deceased, takes the position that the property in question, to the extent of the interest of Rachel as tenant in common, is subject to administration even though respondent may have gained title thereto by adverse possession. No administration was had or sought of the estate of Rachel Gibson until 1935, at which time appellant was appointed administrator.

Rachel C. Gibson, the deceased, took an interest in this property as a tenant in common with her husband by way of a deed which was executed and recorded in 1892. Rachel died in 1916, and her husband, William Gibson, married Arvilla. In 1925 William Gibson conveyed the whole of this property by gift deed to Arvilla Gibson, his wife. This deed was recorded in July, 1925. Arvilla Gibson conveyed this property to Emily Huffmaster, the mother of respondent, by deed in 1928. This deed was recorded in May, 1929. Emily Huffmaster died in 1930, and this property was distributed to respondent and her brother, Earl Huffmaster in 1931. By deed dated and recorded September 5, 1931, Earl Huffmaster conveyed his interest in the property to respondent. Since the time of the grant by William Gibson to Arvilla, the latter and her grantee, Emily Huffmaster, and respondent herein, have been in possession of the property, have fenced and made improvements to it and paid all taxes thereon up to the year 1935.

We are of the opinion that the judgment in favor of respondent is proper and that appellant has no interest in the property in question, either as administrator of the estate of Rachel C. Gibson or as heir thereto. The findings are adequately supported by the evidence of good title by adverse possession in the respondent. Even though it were to be presumed that privity of estate, for the purpose of title by adverse possession did not exist as between Arvilla Gibson and the mother of respondent, nevertheless, the evidence shows that respondent's mother went into possession of the property under deed and color of title in May, 1929. This deed was recorded the same day.

The possession of the property by respondent's mother under color of title, together with the possession thereof by respondent under color of title, is sufficient to satisfy the requirements of adverse possession and vest title in said respondent without considering the question as to whether possession under deed by Arvilla Gibson may be taken advantage of by respondent. The requirements as to taxes and improvements have been adequately fulfilled. There appears to have been sufficient elements present to have satisfied the requirements of title by adverse possession under claim of right, which requires a stronger showing than necessary under a deed furnishing color of title. In the latter situation,

and the one under which respondent has gained title by adverse possession, the element of honest belief of title under a deed is present and consequently there is not the requirement of all of the acts called for as in the case where one takes over property claiming title thereto as a matter of right. There is no evidence of bad faith on the part of respondent or her mother. There is nothing to show that they questioned title in Arvilla Gibson, or her right to convey the same. This being true, it cannot be said that respondent has claimed title under the heirs of Rachel C. Gibson, but rather that title has been asserted in opposition to the heirs of the decedent. It cannot be claimed on the other hand that title by adverse possession has been acquired against the administrator, as respondent's title was complete before administration began.

In the case of *Tynan* v. *Walker*, 35 Cal. 634 [95 Am. Dec. 152], the administrator was appointed twelve years after the death of the decedent and brought an action in ejectment against the defendant who had been in possession for some twelve years, under claim of right to certain lands belonging to decedent. The court held that defendant's plea of the statute of limitations was well taken, and that the action was barred, regardless of the fact that no administrator had been appointed prior to that time. There appears to be no reason why respondent should not be placed in the same position as one who has gained title by adverse possession under claim of right.

The case of *Jones* v. *Scobie*, 12 Cal. (2d) 618 [86 Pac. (2d) 820, 121 A. L. R. 1404], appears to be controlling as to the issues before us in this case. There the plaintiff went into possession of the property in question, and recorded his deed twelve years before the issuance of letters of administration upon the grantor's estate. The deed to plaintiff was defective as it failed to measure up to the legal requirements of delivery, but was sufficient to constitute a color of title. In passing upon the question as to whether plaintiff could gain title by adverse possession as against the other cotenants, the court said:

"Although there are some decisions to the contrary, the weight of authority seems to support the doctrine that where a tenant in common enters into possession and claims under an invalid deed purporting to convey the property to him, the

recordation of the deed is notice to his cotenants of its existence and therefore of the adverse character of his claim, so as to start the statute of limitations running, at least where, as here, he knew nothing of the existence of the other cotenants.''

In answer to the objection that even if plaintiff could and did hold adversely to his coheirs, he did not establish adverse possession against the estate, the court said in the Jones case, *supra*, at page 123:

''He did not take the property during administration, or from the estate. His title by adverse possession, . . . was complete before administration began. The mere possibility of some future proceedings in administration could not completely bar the acquisition of an adverse title. It would seem clear that if adverse possession can be gained against the other heirs, who have the legal title, it certainly can be gained against *such claims* as the executor or administrator may have for *purposes* of administration.'' (Emphasis added.)

See *Murdock* v. *Mitchell*, 30 Ga. 74 [76 Am. Dec. 634].

We conclude that respondent is the owner of the real property, which was the subject-matter of the action to quiet title herein, and that no interest in said real property is subject to administration.

The judgment is affirmed.

Thompson, J., and Tuttle, J., concurred.